JOSEPH RODNER, Appellant, v. MEYER BUCHMAN, Respondent, and ISIDORE NAFTALOWITZ, Defendant.— Order in so far as it disallows on the settlement thereof certain interrogatories propounded by the plaintiff to a medical witness, affirmed, with ten dollars costs and disbursements. While the general doctrine is (under the provisions of rule 126 of the Rules of Civil Practice) that upon a settlement of interrogatories, questions that are pertinent to the issue in an action may not be disallowed and that questions subject to objection on the ground of incompetency must await rulings thereon at the trial, that doctrine may not be given such effect as to result in a violation of section 352 of the Civil Practice Act. That section, the purpose of which is to prevent disclosure, is to be read in connection with rule 126 and its ban on disclosures given effect in the absence of an express or implied consent of the patient to whom the privilege belongs, under section 352. Here the patient is not a party to the action and has not begun an action based on the accident which is the basis of the plaintiff husband's action. There is nothing in the record to indicate that the patient has consented, directly or indirectly, to a disclosure. To allow the propounding of the interrogatories objected to would result in an unlawful disclosure, and the right, as an exception to the general rule, to prevent that disclosure exists at the time the interrogatories are settled. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.

JOSEPH T. SHUTE, Respondent, v. HERMAN STATTMAN and TILLIE STATTMAN, His Wife, Appellants, and Others, Defendants.— Judgment for plaintiff in an action to foreclose a mortgage reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event, on the ground that the determination that the loan, evidenced by the bond to secure which the mortgage was given, was not tainted with usury is against the weight of the evidence. Findings of fact numbered first, second, seventh, eighth and eleventh are reversed. Young, Hagarty, Carswell and Johnston, JJ., concur; Lazansky, P. J., not voting.

JOHN STELBUSZESKI, Respondent, v. BENJAMIN B. WESLEY, Appellant.—Action to set aside an agreement by which defendant was retained to represent plaintiff in the settlement of an estate and to recover moneys collected by defendant under such retainer. Judgment in plaintiff's favor affirmed, with costs. No opinion. Lazansky, P. J., Young, Hagarty and Tompkins, JJ., concur; Carswell, J., dissents.